UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LOPEZ-RAMIREZ,<br><br>Defendant. | No. 1:17-cr-0032-NONE-SKO-2<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)<br><br>(Doc. No. 68) |

On March 11, 2019, defendant Jose Lopez-Ramirez proceeded in *pro se* to file a motion for reduction of sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). (Doc. Nos. 62, 68.)[1] The government filed its opposition on June 24, 2019, arguing that the First Step Act of 2018 is inapplicable here, but even if it is, it would be inappropriate to reduce defendant's sentence. After the court issued an order clarifying the deadline for defendant to file a reply if he wished, defendant sought an extension of time to file his reply on April 7, 2020. (Doc. No. 75.) Thereafter, defendant filed a document entitled, "motion for reduction of sentence," on April 10, 2020. (Doc. No. 76.) The court will grant defendant's motion for

---

[1] On March 14, 2019, the court issued an order referring defendant's motion to the Office of the Federal Defender for this district and granting that office 40 days in which to file a motion supplementing the defendant's motion or to notify the court that it did not intend to file such a motion. (Doc. No. 69.) On April 23, 2019, the Office of the Federal Defender filed with the court a notice that it would not be filing a supplement to defendant's pro se motion and withdrew as defendant's counsel. (Doc. No. 70.)

1

extension of time to file a reply and will construe defendant's April 10, 2020 filing as his reply brief.  Having considered the parties' submissions, defendant's motion for reduction of sentence will be denied without prejudice for the reasons explained below.

## ANALYSIS

In April 2018, defendant pled guilty to count one of the indictment in which he was charged him with conspiracy to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1).  (Doc. No. 44 at II.A.)  A presentence investigation report was filed with the court in July 2018 and therein it was determined that defendant's adjusted offense level under the advisory U.S. Sentencing Guidelines to be 35, with an applicable criminal history category of I, calling for a sentence of 168 to 210 months imprisonment under those advisory guidelines.  (Doc. No. 50 at 3.)  The court ultimately varied downward from the advisory guideline range pursuant to 18 U.S.C. § 3553 and sentenced defendant to a term of 120 months in the custody of the U.S. Bureau of Prison.  (Doc. Nos. 62, 64.)

Defendant now seeks a further reduction of his 120-month sentence under the First Step Act.  Under the First Step Act, "[a] court that imposed a sentence for a *covered offense* may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the *covered offense* was committed."  Pub. L. No. 115-391, § 404(b) (emphasis added).  18 U.S.C. § 3582 "is the appropriate vehicle for a First Step Act motion."  *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019).  Here, defendant relies on § 3582 in moving the court to reduce his sentence under the First Step Act and presents the court with several factors to consider in support of this request.  (Doc. Nos. 68; 76 at 1-2.)  Before the court could reach the merits of the motion for reduction of sentence, however, the undersigned must determine if defendant's sentence is even eligible for such a reduction—that is, the sentence imposed must be for a "covered offense" under the Act.  *United States v. Gravatt*, 953 F.3d 258, 260 (4th Cir. 2020) ("[T]he existence of a 'covered offense' is a threshold requirement" under the First Step Act).

/////

2

A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a).  While "Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for *cocaine* base (often referred to as crack cocaine) trafficking offenses," "Section 3 eliminated the five-year mandatory minimum for simple possession of *crack*." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (emphasis added) (citations omitted).  Given that defendant was not sentenced for a cocaine-related offense, he is not eligible for a reduction of his current sentence under the First Step Act. *See, e.g.*, *United States v. Berazas-Barron*, No. 1:12-CR-00443-LJO-SKO-1, 2020 WL 1820032, at *1 (E.D. Cal. Apr. 10, 2020) (declining to reduce the defendant's sentence under the First Step Act because his offense for "possession with the intent to distribute methamphetamine" was not within the meaning of a "covered offense" under Sections 2 and 3 of the Fair Sentencing Act); *United States v. Huy Trinh*, No. 10-CR-00385-SI-1, 2019 WL 2061104, *1 (N.D. Cal. May 9, 2019) (denying a motion for a sentence reduction under the First Step Act where the defendant was convicted of a marijuana offense, not a "covered offense" involving crack cocaine); *United States v. Gonzalez-Oseguera*, No. 06-00593 HG-01, 2019 WL 1270916, at *2 (D. Haw. Mar. 19, 2019) (finding that the defendant is not eligible under the First Step Act because his offense involving methamphetamine is not a "covered offense" involving crack cocaine).

## CONCLUSION

In light of the foregoing, defendant's motion for extension of time is granted (Doc. No. 75), but his motion for a reduction in sentence (Doc. No. 68) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **April 21, 2020**                                     _Dale A. Drozd_
                                                              UNITED STATES DISTRICT JUDGE

3