# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSE LOPEZ-RAMIREZ,<br><br>  Defendant. | Case No.: 1:17-cr-00032-2 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 85) |

Jose Lopez-Ramirez is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 85.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned one criminal history point based on prior convictions. (Doc. 89.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On April 30, 2018, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Docs. 44, 45.) Following Defendant's guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 35. (*See* Doc. 50, PSR ¶ 37.) Defendant was assigned one criminal history point based on prior criminal convictions. (PSR ¶¶ 41-43.) This resulted in a criminal history score of 1, which placed Defendant in

criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 44-45.) Defendant was not assigned status points under the prior U.S.S.G. § 4A1.1(d). (*See* PSR ¶¶ 43-44.) Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 168 to 210 months. (PSR ¶ 72.)

The Court held a sentencing hearing on September 24, 2018. (Doc. 62.) The Court adopted the findings in the PSR without change. (Statement of Reasons ("SOR") at 1.) The Court varied downward based on consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a). (SOR at 3.) Defendant was sentenced to 120 months in custody. (Doc. 62; Doc. 64 at 2.) Defendant now asks the Court to reduce his sentence under Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1.

Defendant asserts that he meets the criteria under § 4C1.1(a). (Doc. 85 at 7-8.) As indicated, however, Defendant was assigned one criminal history point based on his prior criminal convictions. (PSR ¶¶ 41-43.) Because § 4C1.1 provides for a sentence reduction only for those offenders with no criminal history points, Defendant does not qualify for an offense level reduction under this provision and is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court does not consider the § 3553 sentencing factors. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 85), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 21, 2024**                                          /s/ Jennifer L. Thurston
                                                                                            UNITED STATES DISTRICT JUDGE

2